[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 23, 2011
JOHN LEY
CLERK

No. 10-11488
Non-Argument Calendar

_____

D.C. Docket No. 4:09-cv-00137-SPM-WCS

VINCENT PALMER,

Plaintiff-Appellant,

versus

ALBERTSON'S LLC,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(March 23, 2011)

Before CARNES, WILSON and KRAVITCH, Circuit Judges.

PER CURIAM:

Vincent Palmer, a former employee of Albertson's, LLC, appeals the district

court's grant of summary judgment on his claims of disability discrimination and

retaliation in violation of the Americans with Disabilities Act, 42 U.S.C. §§ 12112(a), 12203(a). The district court also declined to consider Palmer's hostile work environment claim because it was raised for the first time in opposition to Albertson's motion for summary judgment.

We review de novo a district court's grant of summary judgment. Rojas v. Florida, 285 F.3d 1339, 1341 (11th Cir. 2002). "We will affirm if, after construing the evidence in the light most favorable to the non-moving party, we find that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law." Alvarez v. Royal Atlantic Developers, Inc., 610 F.3d 1253, 1263–64 (11th Cir. 2010). "There is no genuine issue of material fact if the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which the party will bear the burden of proof at trial." Jones v. Gerwens, 874 F.2d 1534, 1538 (11th Cir. 1989). "A grant of summary judgment may be upheld on any basis supported by the record." Burton v. Tampa Hous. Auth., 271 F.3d 1274, 1277 (11th Cir. 2001).

## I.

Palmer contends that the district court erred by granting summary judgment to Albertson's on his disability discrimination claim because there remained a genuine issue of material fact as to whether he was disabled as that term is defined

by the ADA.  Palmer insists that he put forth sufficient evidence to establish that he was substantially limited in one or more of his major life activities by the physical impairment of Type I Diabetes.[1]

"The ADA provides that employers shall not discriminate against qualified individuals with a disability because of the disability."  Wood v. Green, 323 F.3d 1309, 1312 (11th Cir. 2003) (citing 42 U.S.C. § 12112(a)).  For ADA discrimination claims, we employ the same burden-shifting framework used to analyze Title VII employment discrimination claims.  Holly v. Clairson Indus., L.L.C., 492 F.3d 1247, 1255 (11th Cir. 2007); see McDonnell-Douglas Corp. v. Green, 411 U.S. 792, 802–03, 93 S.Ct. 1817, 1824–25 (1973).  To establish a prima facie case of disability discrimination under the ADA, a plaintiff must show that: (1) he is disabled; (2) he is a qualified individual; and (3) he was subjected to unlawful discrimination because of his disability.  Holly, 492 F.3d at 1255–56.

"Once a plaintiff establishes a prima facie case of discrimination, the defendant-employer must articulate a legitimate, non-discriminatory reason for the challenged action."  Wascura v. City of South Miami, 257 F.3d 1238, 1242 (11th Cir. 2001).  If the employer articulates non-discriminatory reasons, the plaintiff

---

[1] Because Palmer did not raise until his reply brief the issue of whether Albertson's regarded him as disabled, we will not address that issue.  See Asociacion de Empleados del Area Canalera (ASEDAC) v. Panama Canal Comm'n, 453 F.3d 1309, 1316 n.7 (11th Cir. 2006).

3

must then "proffer sufficient evidence to create a genuine issue of material fact as to whether each of the defendant's proffered reasons is pretextual." Id. at 1243. "The plaintiff must meet the reason proffered head on and rebut it." Crawford, 482 F.3d at 1308. Moreover, "[i]f the employer proffers more than one legitimate, nondiscriminatory reason, the plaintiff must rebut each of the reasons to survive a motion for summary judgment." Id. Finally, a plaintiff cannot recast the employer's reason, and it cannot demonstrate pretext by substituting his own business judgment for that of the employer or by simply quarreling with the wisdom of its proffered reasons. Chapman v. AI Transport, 229 F.3d 1012, 1030 (11th Cir. 2000) (en banc).

Although the district court concluded that Palmer's diabetes did not substantially limit him in any of his major life activities, we need not address that issue because even if we assume that Palmer made out a prima facie case of disability discrimination he has failed to demonstrate that his employer's proffered reasons for his termination were pretextual. Palmer claims that he suffered discrimination on account of his diability that culminated in his termination. Albertson's responds that Palmer was fired due to his uncooperative attitude and insubordination for failing to attend a mandatory meeting. Palmer argues that he has rebutted his employer's proffered nondiscriminatory reasons with evidence

4

that his former manager, George Collins, stated that he wanted to terminate Palmer's employment and created the circumstances to do so by requiring Palmer to attend a meeting on a day that Palmer was not scheduled to work. Palmer also points to the testimony of Anna Woods, an Albertson's district manager, that it was abnormal for Albertson's to require employees to attend meetings on their days off and that it would have made no sense to terminate an employee for not attending a meeting when he was not scheduled to work. Thus, Palmer argues that it was dishonest, inconsistent, and irrational for Albertson's to terminate him because he did not attend a meeting when he was not scheduled to work, and therefore Albertson's proffered reason of insubordination is merely a pretext for retaliation.

Palmer has not rebutted Albertson's legitimate, nondiscriminatory reasons for his termination. Palmer has not responded to, much less met head on and rebutted, Albertson's additional proffered reason that he was terminated because of his uncooperative attitude. He has not demonstrated that his employer's proffered reason of insubordination was a mere pretext for discrimination. While Woods did testify that it would not have made sense to terminate an employee for failing to attend a meeting when he was not scheduled to work, she also testified that failing to attend a meeting when instructed to do so by a manager constituted

5

insubordination. Palmer admitted that he was aware of the meeting several days in advance and knew that his attendance was mandatory. Palmer also testified that Collins told him that he should trade shifts with one of his co-workers in order to attend the meeting. When Palmer was unable to find someone who would accommodate his request to trade shifts, he elected not to attend the meeting because Collins did not like for people to work overtime, but Palmer did not ask permission to do so in order to attend the meeting as ordered. Furthermore, Palmer's claim of pretext is undermined by the fact that Albertson's has identified similarly situated employees who were not disabled but were still terminated by Collins for failing to follow his instructions. Because Palmer has failed to establish pretext—an element essential to his discrimination claim for which he would bear the burden of proof at trial—we hold that the district court did not err in granting Albertson's motion for summary judgment on Palmer's disability discrimination claim. See Jones, 874 F.2d at 1538.

## II.

Palmer also contends that the district court erred by granting Albertson's motion for summary judgment on his retaliation claim. The district court concluded that Palmer failed to present sufficient evidence that Albertson's legitimate, nondiscriminatory reasons for his termination—that he had an

6

uncooperative attitude and that he was insubordinate for missing a mandatory meeting—were a pretext for retaliation.

The ADA provides that "[n]o person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by [the ADA] or because such individual made a charge . . . under [the ADA]." 42 U.S.C. § 12203(a). Because the ADA's prohibition of retaliation is similar to the prohibition contained in Title VII, we "assess ADA retaliation claims under the same framework we employ for retaliation claims arising under Title VII." Stewart v. Happy Herman's Cheshire Bridge, Inc., 117 F.3d 1278, 1287 (11th Cir. 1997). Thus, when a plaintiff relies on circumstantial evidence, we utilize the McDonnell-Douglas burden-shifting framework. See Crawford v. City of Fairburn, 482 F.3d 1305, 1308 (11th Cir. 2007); McDonnell-Douglas, 411 U.S. at 802–03, 93 S.Ct. at 1824–25.

Under this analysis, a plaintiff may establish a prima facie case by showing that: (1) he engaged in statutorily protected expression; (2) he suffered an adverse employment action; and (3) there was a causal link between the protected expression and the adverse action. Stewart, 117 F.3d at 1287. Once a plaintiff establishes a prima facie case, "the burden then shifts to the defendant employer to come forward with legitimate non-discriminatory reasons for its actions that

negate the inference of retaliation." Id. Then the burden shifts back to the plaintiff who must establish that the reasons "are a pretextual ruse designed to mask retaliation." Id.

The district court concluded that Palmer established a prima facie case of retaliation because he was terminated within five days of complaining to his manager of discrimination. The court nevertheless granted Albertson's motion for summary judgment because it concluded that Albertson's reasons for terminating Palmer were not pretextual. We agree. Palmer has failed to establish that Albertson's proffered reasons for his termination were pretextual. Viewing the evidence in the light most favorable to Palmer, there is no genuine issue that the reason he was terminated was anything other than his uncooperative attitude. See Jones, 874 F.2d at 1538.

## III.

Palmer contends that the district court erred by declining to consider his hostile work environment claim.[2] He argues that the court erred by finding that he first raised a hostile work environment claim in his response to the defendant's motion for summary judgment, and insists that he included such a claim in his

---

[2] This Court has never held in a published opinion that a claim for harassment or a hostile work environment is available under the ADA. Because Palmer failed to properly raise such a claim in this case, we need not decide that issue here.

complaint.

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of this requirement "is to give the defendant fair notice of what the claim is and the grounds upon which it rests." Davis v. Coca-Cola Bottling Co. Consol., 516 F.3d 955, 974 (11th Cir. 2008) (quotation omitted). Rule 10(b) further requires a party to "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Rule 10(b) also provides that, "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count or defense." Id. We have explained that Rules 8 and 10:

> work together to require the pleader to present his claims discretely and succinctly, so that his adversary can discern what he is claiming and frame a responsive pleading, the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted, and, at trial, the court can determine that evidence which is relevant and that which is not.

Davis, 516 F.3d at 980 n.57. Where a plaintiff has alleged a host of claims based on discrete facts of discrimination in just one count, we have noted that the plaintiff failed to comply with Rules 8 and 10. Id.

9

The district court did not err in declining to consider Palmer's hostile work environment claim. In his complaint, Palmer included only two counts: "COUNT I DISABILITY DISCRIMINATION" and "COUNT II RETALIATION." Even if those two counts contained sufficient factual allegations on which to base a plausible hostile work environment claim, see Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009), Palmer did not articulate that he was making that claim. He should have asserted such a claim and done so in a separate count "so that [Albertson's could] discern what he is claiming and frame a responsive pleading." See Davis, 516 F.3d at 980 n.57. In any event, even accepting all of his factual allegations as true, Palmer has failed to state a hostile work environment or harassment claim under the ADA. Palmer's use of the words "harassed" in his statement of facts and "hostile" in his disability discrimination claim neither stated a plausible claim for relief nor provided Albertson's with sufficient notice to defend against a harassment or hostile work environment claim. His attempt to raise such a claim in response to Albertson's motion for summary judgment came too late. See Iraola & CIA, S.A. v. Kimberly-Clark Corp., 325 F.3d 1274, 1286 (11th Cir. 2003).

AFFIRMED.